District Court in this case to hold an evidentiary hearing on Petitioner's 2255 petition. On remand, the District Court referred the hearing to a magistrate judge who presided over the hearing, heard the testimony of the three witnesses, and issued a thorough and thoughtful 25-page report recommending the petition be granted. In this report, he made multiple outcome-determinative credibility findings. He found Mr. Jackson's testimony credible and that of his trial attorney, Mr. Radcliffe, unreliable and troubling. The District Court agreed that Mr. Radcliffe had misadvised Mr. Jackson that he could not preserve his Fair Sentencing Act issue unless he went to trial. However, on the cold record, the District Court rejected multiple credibility findings of the magistrate and determined that Mr. Jackson's testimony was self-serving and that he would not have pled guilty under any circumstance. We submit this was error. When an evidentiary hearing is necessary in a 2255 case and the hearing is referred to a magistrate judge, seven courts of appeals agree that the District Court may not reject the credibility findings of the magistrate without the extra procedural step of rehearing the live testimony. And to be clear, this is not a question of deference. It's not an Article III issue. It's simply a matter of providing adequate procedural due process to the criminal defendant petitioner. Every court of appeals that has considered this issue has held under adage, of course, that the District Court can adopt the credibility findings of the magistrate, but may not reject them because the risk of error is so high. And I would just submit to the court that this is not a case where the District Court is reviewing a cold record like a deposition transcript from an unavailable witness on the first instance and trying to judge credibility as best it can. But here, there's already a contrary credibility finding by an impartial decision maker who heard the testimony personally, live, and observed the sort of nonverbal cues and factors. So there's a big red flag that's been raised for the District Court. So it's a very special circumstance and the District Court has to address it and provide that extra procedural step. I thought it was interesting that we don't have any law on this. Cases exist in so many other circuits. Yes. I don't know whether that's because the District Courts very rarely overturn credibility findings or more often agree with them, but I just thought that was interesting that after Raddatz we don't have anything. Yes. I think that's right. I think from my survey of all the case law, it is rare for both to get to the evidence after hearing point and then for the District Court to disagree and reject it without rehearing testimony. You do have instances in the circuit already where District Courts have reheard testimony that they doubted instead of rejecting it outright on the cold record. Neither Raddatz nor any of the other circuit case law really engages deeply with the constitutional concern. There's really sort of a more amorphous reference to, well, to do this without hearing the witness directly and reconvening the evidentiary hearing in order to do that would raise serious constitutional concerns and there's lots of constitutional hand-wringing without actually identifying what the problem is. So if you could maybe start with that and make your best case for why doing it this way is a constitutional violation. Sure. And I guess it's actually the best case is what I just said, that this is a very unique circumstance because obviously District Courts, Appellate Courts review cold records and make credibility determinations in certain cases. But here you have a couple of different factors. One, the evidentiary hearing has been deemed necessary. And two, we've already gone through the process of having an impartial decision maker, a federal magistrate judge, sit through the full hearing and make the credibility determinations from the live testimony. And when the District Court disagrees with them, it's not approaching it in the first instance. It's approaching it in direct contradiction to what's already been found by the magistrate. So as I said, it's a red flag that's not going to be present in your ordinary circumstance where you're just reviewing a cold record. I thought you might have said that because this is de novo review and the judge is making his own credibility findings, the Due Process Clause requires him to do that on the basis of live testimony. And that's what distinguishes this context, that when under the Magistrate Act, the District Court has de novo authority and disagrees with the magistrate judge's credibility finding and rejects it, then the slate is wiped clean and he can't go further and make affirmative findings until he listens to the witnesses as a matter of due process. Right. If I understand the question, I think, I guess since in Raddatz, the Supreme Court found that the District Court could adopt the findings of the magistrate in the process of making a de novo independent determination. That's frankly the reasoning that I found troubling, that when Raddatz strikes a compromise, but it's not clear to me how it's de novo review if the district judge says, but I'll accept all the credibility findings of the other judicial officer who doesn't have Article 3 protection. Right. Now, I'm not asking you to disagree with Raddatz, I'm raising the concern, but if we get into the constitutional debate. Right. And I think in Raddatz, the Supreme Court had mentioned it was an independent review of the entire record, and the Supreme Court found it permissible to adopt in that fashion, disagreeing with this court, of course. But I think, you know, here, the courts of appeals have recognized that this is a special case that's different than adopting. I would also, we would also submit to the court that for this reason, the District Court should be reversed, but that this court does not have to remand to the District Court to conduct another evidentiary hearing, because we believe that Mr. Jackson has met his burden to show that his petition should be granted here. And I would point the court to the Supreme Court. Given the extensive contemporaneous evidence from the original prosecution that Mr. Jackson wanted to go to trial, that his lawyer was pressuring him to plead, I understand the magistrate judge's credibility findings, but it doesn't look like it's the only fair way to look at this evidence. What evidence corroborates Jackson's claim now that he just wanted to preserve his fair case? Yes, Your Honor. So a number of things. One, Mr. Jackson pleaded guilty before. It was undisputed that he, initially, very early on, did want to plead guilty. Mr. Radcliffe himself testified that Mr. Jackson was very concerned about the FSA issue and greatly concerned about losing any potential rights under it. Those are his words. Obviously, the District Court and the magistrate agreed that he was misadvised, that he had to go to trial to preserve that issue. The District Court ultimately placed a huge amount of weight on the letters, really two letters, and I would submit to the court that those letters complain about Mr. Radcliffe as being lazy and as being hostile. He wasn't showing up to visits. He wasn't showing Mr. Jackson documents. He wasn't doing any work. He was just pressuring him to plead guilty. But they don't seek, they don't identify potentially suspect legal advice and questions of law that Mr. Radcliffe has been advising Mr. Jackson on. And they don't seek the court's second opinion on questions of law. They're more in the line of complaining about his work ethic and his attitude, his tone. So we submit that, on their face, the letters don't do what the District Court suggested they do and that holding Mr. Jackson to a standard of trying to identify problematic legal advice he's been given and raising it to the court is not a good standard. And ultimately, I think the letters, well, that's all I'll say about that. I see I'm running out of time, so I'll preserve the remainder of my time. Thank you. That's fine. Mr. Bowman. Good morning. Jason Bowman, on behalf of the United States, may it please the court. This is a rare and unique circumstance. And it's a rare and unique circumstance when this court rejects credibility determinations of a district court, but it can do it when there's a clear error. And there's no suggestion that in that rare circumstance, when this court were to do it, that due process requires this court to reconvene the evidentiary hearing and hear the testimony live itself. Right. But the district court is supposed to be doing a de novo review. In other words, a fresh look. And I think that's correct. The problem is Raddatz said de novo determination does not require a de novo hearing. Except if the judge has doubts about the credibility finding. I don't think it goes quite that far. The footnote says that it would raise concerns. I don't believe it says that it's a different whether. And the problem, I think, too, Judge Sykes, is the statutory language of the Federal Magistrate Judges Act gives the discretion to the district judge to accept, reject, modify, in whole or in part, and doesn't specify that there's additional procedures you have to do to reject it. So I think the trouble is once you wipe the slate clean, as I think Your Honor said, making a determination one way or another requires the district court to pass judgment on the credibility of the witness. So for instance, if the magistrate judge had said, I reject Mr. Jackson's testimony. I don't find him credible. And he were to object to it. It would be de novo review then. The district court could accept that. But in reality, what he's still doing is saying, I find Mr. Jackson incredible as a witness. I don't believe him, even though he's never seen him in that scenario either. In either result, the district court is rejecting Mr. Jackson's testimony without seeing him live. And I think the process that is due is what the Federal Magistrate Judges Act calls for. So Mr. Boehm, could we affirm this without creating a new circuit split with our colleagues on this question? I think you could. Both the Fifth Circuit and the Eleventh Circuit have said there are unique circumstances where the record itself undermines the credibility. I think it's the Cofield case out of the Eleventh Circuit and Marshall out of the Fifth. Let's say there are rare circumstances where the credibility of a witness is so undermined by something else. And in this case, it would be his contemporaneous letters to the district court saying the opposite of what he says now. I think there is the... I think to say it was clearly erroneous determination of credibility. And I think in fairness, that's what the district court came to the conclusion of saying. He learns from his co-defendant that the route he wants is available to him. He then after that writes the district judge to complain about, I don't want to go to trial and says nothing about, well, the route that I want to take is available to me, I'm just not allowed to pursue it. He's very specific that says going or pleading guilty is clearly not the route I want to take. We believe that by itself is sufficient to undermine his claim now of going or pleading guilty was clearly the route I wanted to take. We just think that the district courts, and the district court looked at the entire record. It isn't as though he just looked at one piece of evidence or not. He applied the right standard. He looked at what's the credible evidence in this case suggest about Mr. Jackson establishing a reasonable probability he would have pled guilty. And we think the district court correctly concluded there is no credible evidence. Only if you discount what Jackson said, right? And in so many contexts, we uphold criminal guilty verdicts because one witness who has all sorts of credibility problems is believed by a jury, right? That's true. And one witness or one hearsay statement can be enough to support a sentencing finding that enhances a sentence, again, from somebody who has all sorts of credibility problems. But if the person, if the trier of fact, the jury or the judge on the spot says, yeah, I believe them, that's good enough. Here we've got a federal judge, magistrate judge saying, I believe him. That's right. I think problematically in that explanation of why he believed him is he said he would have no reason to raise this FSA claim in these letters. And we just think that's incorrect. He would have every reason, having learned from his co-defendant of prior to writing that letter, that he could, in fact, keep the FSA issue alive and plead guilty. We think there is a reason it was just overlooked by the magistrate judge. We're not saying that Mr. Jackson didn't offer evidence of it. We are saying that that's not objective or that's not credible evidence. But we're not saying he didn't testify to that. He certainly did. We just think it was undermined by his own words, contemporaneous to the time that he went to trial. And just briefly on the first issue of applying the right standard, we do believe that there's some proof texting going on in their argument here. Yes, the district judge said objective evidence, but it's crystal clear he looked at the record as a whole and came to the conclusion that there isn't a reasonable probability. In other words, there wasn't any evidence that undermined Judge Staddard's confidence in the outcome of what had happened below. Unless there are any further questions, I thank the court and rest honor briefs. Thank you. Ms. Webb, you've got one minute left. So two points. One, in Marshall and Cofield cases, the courts did create rare exceptions to this rule for specifically articulable bases in the transcript themselves. It didn't reference sort of outside evidence as we have here. I would also suggest that if credibility is not an issue, that would be another basis for the district court to rule. Two, I would point the court to the Cullen case in the Second Circuit, because it's very similar to this case. There the defendant vigorously maintained his innocence throughout the proceedings. He was offered a plea agreement in the abstract without the terms being identified to him, and he rejected it. And later on, when he learned what the terms of his plea agreement would have been, he filed his habeas petition and said he would have pled guilty. Now, the magistrate judge found him credible and found his claim credible and recommended that the petition be granted, but the district court reversed. The Second Circuit has a very good opinion. It carefully considers the contemporaneous evidence of the petitioner's maintenance of his innocence and says that it's very relevant evidence, but it's not dispositive. And that's what we submit here, and Judge Hamilton, this goes to your question as well. These letters are not dispositive in this case. I see my time's up. Thank you very much. All right, thank you. Our thanks to both counsel. The case is taken under advisement.